**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

WILMINGTON PT CORP.,

                  Plaintiff,          **REPORT AND RECOMMENDATION**

      v.                                     20-cv-4068 (DRH) (ST)

NOEMIE SALOMON; PIERRE W. DESTIN;
LONG ISLAND TAX REDUCTIONS,
INC.,

                  Defendants.
------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

        Plaintiff Wilmington PT Corporation ("Wilmington") commenced this action on September 1, 2020, against defendants Noemie Salomon ("Salomon"), Pierre W. Destin ("Destin") (together with Salomon, "Borrowers"), and Long Island Tax Reductions, Inc. ("LI Tax Reductions") to foreclose on a mortgage encumbering a property located at 585 Newton Avenue, Uniondale, NY 11553 (the "Property") pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301 *et seq*. *See generally* Compl., ECF No. 1. Defendants have failed to answer or otherwise respond to Wilmington's Complaint, and Wilmington has filed a Motion for Default Judgment against Defendants. The Honorable Denis R. Hurley referred Wilmington's Motion to the undersigned to issue a Report and Recommendation.

        For the reasons set forth below, I respectfully recommend that this Court GRANT Wilmington's Motion for Default Judgment against all Defendants and award damages.

I.  **BACKGROUND**

   a. **Factual Background**

Unless otherwise stated, all factual statements are based on Wilmington's allegations in the Complaint and other accompanying documents. Plaintiff brought this action to foreclose on a mortgage encumbering the Property. *See generally* Compl. On July 3, 2007, Borrowers executed and delivered a mortgage agreement ("Mortgage") to National City Mortgage, a division of National City Bank, and executed a note ("Note") under the Mortgage securing a loan in the amount of $73,350.00, plus interest. Compl. ¶¶ 9-10; *see generally* Compl. Ex. B ("Mortgage"), ECF No. 1-1; Compl. Ex. C ("Note"), ECF No. 1-1. On April 10, 2012, National City Mortgage assigned the Mortgage to Wilmington Trust, National Association, which was recorded on July 11, 2013. Compl. ¶ 11; Compl. Ex. D ("Assignments"), ECF No. 1-1. On October 17, 2014, Wilmington Trust, National Association, assigned the mortgage to Trinity Financial Services, LLC, in a properly-fixed allonge, which was recorded on February 25, 2016. Compl. ¶ 11; Note at 19; Assignments at 26-27. Lastly, on September 18, 2018, Trinity Financial Services, LLC, assigned the mortgage to Plaintiff Wilmington, also in a properly-fixed allonge, which was recorded on October 25, 2018. Compl. ¶ 11; Note at 20; Assignments at 28-29.

The Note obligates Borrowers to pay a principal amount of $73,350.00, plus interest at a yearly rate of 9.250%. *See* Note at 13. Borrowers are obligated to pay the principal amount and interest by making monthly payments of $603.44 on the first day of the month beginning in September 2007. *Id.* If Borrowers fail to pay off the principal and interest of the Note, in full, by August 1, 2022, they are obligated to pay the remaining balance of the principal and the interest on that date. *Id.* The Note states that Borrowers would be in default if they fail to make

any payment or pay other amounts owing under this note when due. *Id.* If Borrowers default, the Note states that the lender may demand that Borrowers vacate the property, and sell, lease, or otherwise dispose of the property. *Id.*

Borrowers failed to make the monthly payment due on May 1, 2014, and all subsequent payments. *See* Compl. ¶ 14. Thereafter, on January 13, 2020, Plaintiff sent Borrowers a Notice of Default. *Id.* ¶ 15; *see* Compl. Ex. E at 31-35 ("Notice of Default"), ECF No. 1-1. The Notice states that the total amount in arrears was $43,891.64, and Borrowers were required to correct the default on or before February 12, 2020. Notice of Default at 32. The Notice further states that a failure to correct the default could result in the acceleration of the loan. *Id.* Then, upon acceleration, "the total amount of the debt will be immediately due and payable without further demand and a lawsuit to foreclose the mortgage may be commenced." *Id.* Plaintiff also issued a 90-day notice provided by RPAPL 1304(1) to the Borrowers and has submitted proof of mailing to this Court. Compl. ¶ 15; Compl. Ex. E at 36-41 ("90-day Notice"), ECF No. 1-1. Both Borrowers have failed to respond to the default notices. *See* Compl. ¶ 19.

### b. Procedural History

Wilmington commenced this action against Salomon, Destin, and LI Tax Reductions on September 1, 2020. *See generally id.* Wilmington is a Delaware corporation with its principal place of business in Miami Beach, Florida. *Id.* ¶ 2. According to Wilmington, Borrowers are citizens of New York and reside in Uniondale. *Id.* ¶¶ 3-4. LI Tax Reductions is a New York corporation with its principal place of business in Cedarhurst, New York. *Id.* ¶ 5. LI Tax Reductions has a judgment against Borrowers on their Property, which is subordinate to Plaintiff's mortgage. *Id.*; Compl. Ex. F ("Transcript of Judgment"), ECF No. 1-1. On September 23, 2020, Wilmington filed Affidavits of Service indicating Borrowers had been

3

served on September 18, 2019.  Affs. of Service, ECF Nos. 8 & 9.  Also on September 23, 2020, Wilmington filed an Affidavit of Service indicating that LI Tax Reductions had been served on September 9, 2020.  Aff. of Service, ECF No. 10.  Defendants did not file an answer to the Complaint.

On October 13, 2020, Wilmington requested default be entered against Salomon, Destin, and LI Tax Reductions, and the Clerk of Court entered default on October 14, 2020.  Request for Certificate of Default, ECF No. 11; Clerk's Entry of Default, ECF No. 12.  Wilmington then filed the instant Motion for Default Judgment on November 20, 2020.  Mot. Default J., ECF No. 13.  In support of the motion, Plaintiff filed several documents, including a Memorandum of Law that reiterates the claims from the Complaint and seeks $108,014.06 in damages pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  Pl.'s Mem. of L. Supp. Mot. Default J., 7, ECF No. 13-2.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure establish the procedure by which a default judgment may be obtained.  *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993) (explaining the process for entry of default and entry of default judgment prescribed by Fed. R. Civ. P. 55).  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Second, after a default has been entered against the defendant, and the defendant fails to appear to move or set aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment.  Fed. R. Civ. P. 55(b)(2).

A party in default is deemed to concede all well-pleaded factual allegations in the complaint pertaining to liability. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, "[e]ven after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *In re Wildlife Ctr., Inc.*, 102 B.R. 321, 325 (Bankr. E.D.N.Y. 1989); *see also Rolls-Royce PLC v. Rolls-Royce USA*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) ("[I]t remains the court's responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief."). A court considering a motion for default judgment thus retains the discretion to determine whether the entry of default judgment is appropriate in the given case. *Enron*, 10 F.3d at 95*; see also Taylor v. 312 Grand St. LLC*, 15 Civ. 5410 (BMC), 2016 WL 1122027, at *3 (E.D.N.Y. Mar. 22, 2016) ("[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." (citations omitted)). A plaintiff moving for default judgment against a defendant in default thus retains the burden to establish the defendant's liability on any asserted cause of action on the basis of the unchallenged factual allegations and reasonable inferences drawn from the evidence in that case. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A] district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action . . . .").

### III. DISCUSSION

#### a. Standing

"Plaintiff can establish standing either by producing a valid written assignment of the Note or by demonstrating the physical delivery of the Note prior to the commencement of the

foreclosure action." *W. Coast 2014-7, LLC v. Tolson*, No. 15-CV-6306 (ADS) (GRB), 2017 U.S. Dist. LEXIS 125266, at *13-14 (E.D.N.Y. Aug. 7, 2017) (internal citations and quotations omitted) ("[i]t is well-settled that standing exists where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff."). Here, since the Complaint and accompanying materials support that Plaintiff possessed the Note prior to the commencement of this action, standing is sufficiently established. *See* Compl. ¶ 13; Note at 13-20; Assignments at 22-29; Pl.'s Aff. at 1-4, ECF No. 13-6.

### b. RPAPL § 1304 Notice

Before discussing whether default judgment is warranted in this case, this Court must address a threshold issue regarding statutory notice. This Court finds that the pre-foreclosure notice attached to Plaintiff's Complaint is sufficient to establish compliance with RPAPL § 1304 for the purposes of the present default proceeding. RPAPL § 1304 provides that, "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . such lender, assignee or mortgage loan servicer shall give notice to the borrower." RPAPL § 1304(1). RPAPL § 1304(1) further sets forth the requirements for the content of such notice, and RPAPL § 1304(2) provides that such notice shall be sent by "registered or certified mail and also by first-class mail to the last address of the borrower" and the "[n]otice is considered given as of the date it is mailed." *Id.* §§ 1304(1)-(2). The Second Circuit has recognized that "[p]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 533 (2d Cir.) (quoting *Deutsche Bank Nat. Tr. Co. v. Spanos*, 961

6

N.Y.S.2d 200, 202 (App. Div. 2013)). A plaintiff-lender can demonstrate compliance with § 1304 by showing "proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." *Id.* (quoting *Citibank, N.A. v. Conti-Scheurer*, 98 N.Y.S.3d 273, 277 (App. Div. 2019)). "[P]roof of a standard office mailing procedure gives rise to a presumption that a notice was received, although that presumption may be rebutted by "a showing that [the] routine office practice was not followed or was so careless that it would be unreasonable to assume that the notice was mailed." *Id.* (quoting *Nassau Ins. Co. v. Murray*, 386 N.E.2d 1085, 1086 (1978)).

Plaintiff provided documentation of two notices sent to Borrowers: a Notice of Default and a separate 90-day Notice required by RPAPL 1304(1). Notice of Default at 31-35; 90-day Notice at 36-41. The 90-day Notice conforms to the statutory notice format provided under RPAPL §1304(1). *See* 90-day Notice at 36-41. The Notices were addressed to Borrowers via first-class mail at the Property. Notice of Default at 31-35; 90-day Notice at 36-41. In addition to the statutory notice, Plaintiff also submitted certified mail receipts and an affidavit of mailing. *See* Notice of Default at 31-35; 90-day Notice at 36-42.

### c. RPAPL § 1306 Notice

RPAPL § 1306 requires that a "lender, assignee or mortgage loan servicer . . . file with the superintendent of financial services . . . within three days of mailing of the [§1306 notice] . . . the information required by subdivision two of this section." RPAPL §1306(1). Subdivision 2 mandates that such a filing "include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such

7

other information as will enable the superintendent to ascertain the type of loan at issue." RPAPL §1306(2).  Upon review of the Proof of Filing Statement issued by the New York State Department of Financial Services attached to the Complaint, this Court finds that Plaintiff has satisfied this filing requirement as well.  *See* Compl. ¶ 15; 90-day Notice at 36-41; Compl. Ex. E at 43-44 ("Proof of Filing"), ECF No. 1-1.

### d. Liability as to Borrowers

To show liability in a New York mortgage foreclosure action, a plaintiff-lender must show (1) a mortgage, (2) a note, and (3) proof of default on that note.  *See United States v. Estate of Callard*, No. 11-CV-4819 (ADS) (AKT), 2017 WL 685604, at *8 (E.D.N.Y. Feb. 1, 2017) (quoting *E. Sav. Bank, FSB v. Bright*, No. 11-CV-1721, 2012 WL 2674668, at *3 (E.D.N.Y. July 5, 2012)), *adopted by*, 2017 WL 684191 (E.D.N.Y. Feb. 21, 2017).  "If those elements are established, the mortgagee has a 'presumptive right to collect.'"  *OneWest Bank, NA v. Raghunath*, 14-CV-3310 (RJD) (MDG), 2015 WL 5772272, at *3 (E.D.N.Y. Sept. 8, 2015) (citation omitted).

Plaintiff made an adequate showing of the first two elements by producing a valid mortgage, note, and relevant assignments.  Mortgage at 4-11; Note at 13-20; Assignments at 22-29.  Additionally, Plaintiff has shown default on the loan obligations by providing a notice of default, mailing receipts, and an affidavit from Plaintiff.  Notice of Default at 31-35; 90-day Notice at 36-41; Pl.'s Aff. at 1-4; *W. Coast 2014-7, LLC v. Hamilton*, No. 17-CV-3918 (ADS) (ARL), 2018 U.S. Dist. LEXIS 192385, at *5 (E.D.N.Y. Nov. 8, 2018) (finding liability based on notices of default, mailing receipts, and the plaintiff's representative's affidavit); *see also U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012) (holding that the trustee demonstrated that it was entitled to summary judgment because it presented copies of the note,

8

mortgage, and affidavits from its representatives). Therefore, this Court recommends that default judgement be entered against Borrowers.

### e. Liability as to Defendant LI Tax Reductions

Plaintiff also names LI Tax Reductions as a defendant "by virtue of a judgment filed against the borrower(s) and/or property, which is subordinate to Plaintiff's mortgage." Compl. ¶ 5. "New York [RPAPL] § 1311 provides that the necessary parties to a mortgage foreclosure action include: '[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff.'" *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204 (FB), 2012 WL 2529196, at *14 (E.D.N.Y. June 23, 2012) (quoting N.Y. RPAPL § 1311(3)). "This rule derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." *Id.* (internal citation and quotation marks omitted). To establish liability as to a non-mortgagor defendant, the plaintiff must allege "nominal liability—that any judgments the non-mortgagor defendant has against the mortgagor defendant, if asserted as a lien on the mortgage property, is subordinate to the plaintiff's lien." *Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-6311 (MKB), 2019 WL 2233828, at *7 (E.D.N.Y. May 22, 2019) (citation and quotations marks omitted); *Gustavia Home, LLC v. Lawrence*, No. 16-CV-4010 (SJ) (SMG), 2017 WL 4404434, at *4 (E.D.N.Y. June 22, 2017) ("Entry of default judgment against a non-mortgagor defendant is generally appropriate where the complaint alleges 'nominal liability.'") (citation committed).

Here, the Complaint contains well-pleaded allegations of nominal liability on the part of the non-mortgagor, LI Tax Reductions, and submits a transcript of judgment in support of said allegations. Compl. ¶ 5 ("[LI Tax Reductions] is a judgment creditor by virtue of a judgment

9

filed against the borrower(s) and/or property, which is subordinate to Plaintiff's Mortgage."); Transcript of Judgment at 46-47. Therefore, I respectfully recommend that a default judgment be entered against LI Tax Reductions. *See Freedom Mortg. Corp. v. King*, No. 19-CV-4833 (NGG) (LB), 2020 U.S. Dist. LEXIS 75416, at *6-9 (E.D.N.Y. Apr. 28, 2020) (finding liability against non-mortgagor PVB based on parking tickets which imposes a lien on the property).

### IV. REMEDIES FOR DEFAULT

It is well established that a default constitutes an admission of well-pleaded factual allegations in the complaint, except those relating to damages. *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."); *see also Greyhound*, 973 F.2d at 158 ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.") On a motion for a default judgment, the plaintiff has the burden to prove the amount of damages with a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc.*, 183 F.3d at 155 (citing *Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). An evidentiary hearing is not required; the Court may rely on detailed affidavits and other documentary evidence to determine damages. *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d. Cir. 1991).

Here, Plaintiff has submitted sufficient evidence for this Court to award the necessary remedies without a hearing. *See* Pl.'s Aff. at 1-4; Mortgage at 4-11; Note at 13-20; Assignments at 22-29; Notice of Default at 31-35; 90-day Notice at 36-41. Thus, this Court recommends entering a judgment of foreclosure with the proceeds to be applied to the $66,980.70 of principal and $41,033.36 in interest owed by Defendant under the Note and Mortgage's terms.

### A. Damages

Plaintiff seeks to recover $66,980.70 in principal balance owed by Borrowers pursuant to the Mortgage and Note. Pl.'s Mem. of L. Supp. Mot. Default J. at 7. Plaintiff submits an affidavit from Yonel Devico, its vice president, who states that the outstanding unpaid principal balance is $66,980.70 and the owed interest from April 1, 2014 through November 12, 2020 totals $41,033.36. Pl.'s Aff. at 1-4. Accordingly, Plaintiff seeks to recover a total amount of $108,014.06. *Id.* Borrowers have not objected to Plaintiff's calculation despite being served with a copy of the motion papers. After reviewing the record, the Court finds that an evidentiary hearing is not necessary, and that the calculations provided by Plaintiff are accurate. Thus, the Court respectfully recommends that judgment should be entered in Plaintiff's favor in the amount of $108,014.06.

### B. Judgment of Foreclosure and Appointment of Referee

Plaintiff asks that an order and judgment of foreclosure be entered with the proceeds going towards paying the monetary award, and seeks the appointment of Kevin Snover, Esq., as Referee to conduct the sale. *See* J. of Foreclosure & Sale. Plaintiff requests that the Referee be paid $750 to conduct the sale. *Id.* "A plaintiff is entitled to foreclose upon and sell a property if it demonstrates 'the existence of an obligation secured by a mortgage, and a default on that obligation.'" *E. Sav. Bank, FSB v. Robinson*, No. 13-CV-7308 (ADS) (SIL), 2016 WL 3365091, at *11 (E.D.N.Y. May 9, 2016) (quoting *1st Bridge LLC v. 682 Jamaica Ave., LLC*, No. 08-CV-3401, 2010 WL 4608326, at *3 (E.D.N.Y. July 13, 2010) (Report and Recommendation), *adopted by*, 2010 WL 4607409 (E.D.N.Y. Nov. 4, 2010)); *see also OneWest Bank, N.A. v. Denham*, No. 14-CV-5529 (DRH) (AKT), 2015 WL 5562980, at *14 (E.D.N.Y. Aug. 31, 2015) (internal quotation marks and citation omitted), *adopted by*, No. 14-CV-5529 (DRH) (AKT),

11

2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015). Moreover, "courts routinely appoint referees to effectuate the sale of foreclosed properties." *See, e.g., PMP Tech. Servs., LLC v. Mazoureix*, No. 14-CV-4834, 2015 WL 5664823, at *1 (E.D.N.Y. Sept. 23, 2015) (awarding a judgment of foreclosure and sale under the supervision of a referee); *E. Sav. Bank v. Evancie*, No. 13-CV-878, 2014 WL 1515643, at *1 (E.D.N.Y. Apr. 18, 2014) (same).

As discussed, Plaintiff has established its right to foreclose on the Property due to Borrowers' default on the Mortgage and Note. Notice of Default at 31-35. Accordingly, this Court respectfully recommends that the Property be foreclosed and sold in accordance with the proposed Judgment of Foreclosure and Sale. *See* J. of Foreclosure & Sale. Also in accordance with the proposed Judgment of Foreclosure and Sale, this Court recommends appointment of Kevin Snover, Esq., as Referee to effectuate the foreclosure and sale of the Property. J. of Foreclosure & Sale at 2. The Court also finds $750 to be an appropriate fee for the Referee. *Id.;* see *OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 46 (N.D.N.Y. 2015) (ordering that the referee receive $750 for conducting the sale); *Windward Bora LLC v. Baez*, No. 19-CV-5698 (PKC) (SMG), 2020 WL 4261130, at *5-6 (E.D.N.Y. July 24, 2020) (same). This Court further recommends that the proceeds of the sale be applied to the total amount owed under the Note as set forth above. *See Denham*, 2015 WL 5562980, at *14 (recommending that the relevant property be foreclosed upon and sold with the proceeds being applied to the outstanding amount owed on the note).

### V.   CONCLUSION

For the reasons set forth above, I respectfully recommend that Plaintiff's Motion for Default Judgment of foreclosure and sale be GRANTED as to all Defendants. I also respectfully recommend that Plaintiff be awarded a Judgment of foreclosure and sale against Borrowers in

the amount of $108,014.06, and that Kevin Snover, Esq. be appointed Referee to oversee the foreclosure and sale of the property. Plaintiff is directed to serve a copy of this Report and Recommendation upon all Defendants at their respective last known addresses via return receipt delivery and to file proof of service with the Court within three (3) days of the date of this Report and Recommendation.

## VI. OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                          /s/
                                                  Steven L. Tiscione
                                                  United States Magistrate Judge
                                                  Eastern District of New York

Dated: Central Islip, New York
June 9, 2021